## Case No. 9,163.

### MARTIN v. KERCHEVAL et al.

[4 McLean. 117.] [1]

Circuit Court, D. Michigan.    June Term, 1846.

NOTES—ASSIGNMENT—CONSIDERATION—BONA FIDE HOLDER.

1. A note in the hands of an assignee is prima facie evidence of the amount of the consideration paid by the assignee.

2. But the assignor, when sued, may prove what was paid.

3. This evidence can not be set up by the maker of the note, in the hands of a bona fide holder.

4. If the payee of the note paid no consideration, and the assignee paid none, the maker may show a want of consideration.

[Suit by Martin against Kercheval and Forsythe.]

Douglass & Duffield, for plaintiff.
Mr. Bates, for defendants.

OPINION OF THE COURT. This action is brought by the plaintiff, as indorsee against the defendants as indorsers, of a promissory note. A judgment was obtained against the maker of the note by the Bank of Michigan, to whom the note was assigned in 1841. After this the counsel, Mr. Douglass, says he filled up the blank indorsement against the defendants. Notice to the defendants was proved to have been duly given by the bank. A question is made whether, as between the indorser and indorsee, the consideration can be proved? The face of the note is prima facie evidence of the consideration paid on its negotiation. But this is only prima facie. The defendants may show an entire want of consideration, or that a small sum only was paid. This evidence could not be given by the maker. For he is bound to pay the face of the note, at whatever discount it may have been purchased by the holder. When a note has been reduced to judgment, its negotiability ceases; but questions may arise between the other parties to

the note, if the maker becomes insolvent. If, indeed, the note was given without consideration, and was indorsed by the payee without consideration, the maker would not be precluded from showing these facts, by way of defense, to a suit brought by the assignee. But where the note, in the ordinary course of business, has been negotiated for a valuable consideration, the maker is bound for the face of the note.

It is alleged that the plaintiff has no interest in the note, and consequently can not maintain this action. The indorsement shows that his name is on the note, and the filling up makes him the legal holder of it. The indorsement having been made long before the judgment against the maker, it was a promise to pay the holder of the paper, who had a right to fill up the blank at any time, provided that legal steps were taken against the maker. This was the only condition of liability by the defendants, to any subsequent bona fide holder of the note. The presumption is in favor of the holder, and that the filling up related back to the time of the indorsement. But no hardship is imposed on the defendants, as they are permitted to go into the consideration between them and the plaintiff.

The jury found a verdict for the plaintiff, on which a judgment was entered.